19 F.3d 18
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William P. HICKEY, Plaintiff-Appellant,
v.
Robert B. HOLLISTER, Oxley, Malone, Fitzgerald & Hollister,
Defendants-Appellees.
 No. 93-3217.
 United States Court of Appeals, Sixth Circuit.
 March 2, 1994.
 
 Before: MERRITT, MILBURN, and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Pro se plaintiff appeals the dismissal of his civil rights action under Federal Rule of Civil Procedure 12(b)(6). On appeal, the issues are (1) whether plaintiff's allegations that defendant attorney misused state law and state procedures in the underlying state litigation are sufficient to state a claim that the attorney was acting under color of state law for purposes of 42 U.S.C. Sec. 1983, and (2) whether plaintiff's conclusory allegations of a conspiracy between the defendant attorney and various state judges are sufficient to state a claim that the attorney was acting under color of state law for purposes of 42 U.S.C. Sec. 1983. Upon due consideration of the briefs and record filed herein, this panel unanimously agrees that oral argument is not needed. Federal Rule of Appellate Procedure 34(a) and Rule 9(a), Rules of the Sixth Circuit.
 
 I.
 
 2
 In August 1991, Hancock Wood Electric Cooperative filed an action in Bowling Green Municipal Court, Bowling Green, Ohio, against William P. Hickey to recover $2,526.36 that Hickey allegedly owed Hancock Wood on an electrical service account. Robert B. Hollister of the law firm of Oxley, Malone, Fitzgerald & Hollister ("the Oxley Firm") represented Hancock Wood in that lawsuit. Hickey made a limited appearance solely to contest the jurisdiction of the Bowling Green Municipal Court. Hickey apparently argued that the Bowling Green Municipal Court, which is located in Wood County, lacked jurisdiction because he lived in Sandusky County. The court ruled against Hickey, finding that jurisdiction was proper. Hickey failed to answer the complaint, and the court granted a default judgment to Hancock Wood. Hickey neither appealed the judgment nor filed a motion seeking relief under Rule 60(b) of the Ohio Rules of Civil Procedure.
 
 
 3
 When Hickey subsequently failed to appear for a judgment-debtor examination, the Bowling Green Municipal Court issued a capias for his arrest. On January 5, 1992, the Sandusky County Sheriff arrested Hickey and transferred him to the custody of the Wood County Sheriff. Hickey's bond was set at the full amount of the judgment debt owed to Hancock Wood. After the Bowling Green Municipal Court refused to lower the bond to 10 percent, a relative of Hickey paid the full bond amount, and Hickey was released on January 7, 1992. Hickey appeared in court the following day and submitted to the judgment debtor's examination. One of the questions the judge asked Hickey was whether he had personally paid the bond.
 
 
 4
 On January 28, 1992, Hickey filed an action in the Sandusky County Court of Common Pleas, alleging, among other things, malicious prosecution, false arrest, and abuse of process against Hancock Wood for pursuing and obtaining the judgment in the Bowling Green Municipal Court. Hancock Wood was again represented by attorney Hollister in this lawsuit. On March 10, 1992, the Sandusky County Court of Common Pleas granted Hancock Wood's motion to transfer the case to Wood County Court of Common Pleas. In Wood County, the case was originally assigned to Judge Charles F. Kurfess, but he eventually had to withdraw, as did the next two judges who were assigned the case. Finally, the Ohio Supreme Court assigned the case to Judge James E. Barber, who dismissed the case in September 1992, finding that it was only a collateral attack on the Bowling Green Municipal Court judgment and, therefore, barred by res judicata. On June 30, 1993, the Court of Appeals of Ohio, Wood County, reversed the Court of Common Pleas judgment, holding that the lawsuit was not barred by res judicata or collateral estoppel, and the default judgment of the Bowling Green Municipal Court was void for lack of subject matter jurisdiction. Hickey v. Hancock Wood Elec. Coop., 1993 WL 241731 (Ohio Ct.App. June 30, 1993), jurisdictional motions overruled, 622 N.E.2d 654 (1993).[1]
 
 
 5
 On October 2, 1992, Hickey, proceeding pro se,[2] filed this civil rights action, under 42 U.S.C. Sec. 1983, in the federal district court against Hollister,[3] the attorney that had represented Hancock Wood in the underlying state court proceedings. Hickey alleged (the "original allegations") that Hollister, in representing Hancock Wood, had "falsely and maliciously, and without any reasonable or probable cause whatsoever," filed the original action in Bowling Green Municipal Court knowing that that court did not have subject matter or personal jurisdiction, and caused that court "to issue a totally invalid default judgment." J.A. 3-4. Hickey further alleged that Hollister, "falsely and maliciously, and without any reasonable or probable cause whatsoever," induced the Municipal Court to grant Hancock Wood's motion for a debtor examination, caused the issuance of a warrant for Hickey's arrest, conspired with the court to set bond at the full amount of the default judgment, caused Hickey to be arrested, conspired with the court to refuse a reduction of the bond amount, and conspired with the court to hold a debtor's examination. As to Hollister's actions regarding the proceeding in Sandusky County Common Pleas Court, Hickey alleged that Hollister, "maliciously and for purposes of delay," filed a motion to dismiss and a motion to transfer the case to Wood County, and "[t]hereafter [Hollister] conspired with members of the Wood County Common Pleas Court to delay as long as possible in order to get the statute of limitations to run out on certain aspects of the case." J.A. 6.
 
 
 6
 Hickey's complaint asserted that Hollister's actions violated 42 U.S.C. Sec. 1983 becuase they deprived him of his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Hickey sought costs, damages, fees, punitive damages, and any other available relief. Hickey's complaint also asked the district court to "hold the Bowling Green Municipal Court acted outside of its jurisdiction ... and that its default judgment was void ab initio, and unconstitutional." J.A. 7.
 
 
 7
 Hollister moved to dismiss the complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), because Hickey did not claim that Hollister acted under color of state law. Hickey then amended his complaint to add allegations (the "amended allegations") that Hollister, "under color of state law, and at [his] instigation, conspired with" the judge of the Bowling Green Municipal Court to rule that that court had jurisdiction, "thereby depriving plaintiff of due process of law which requires a defendant to be tried in the county where he resides and/or where the cause of action arose (a rule of law stemming from the English Common Law)." J.A. 31-32. Hickey's amended complaint also contained other similar allegations of actions under color of state law and conspiracy regarding the issuance of a summons, his arrest, and the action in Common Pleas Court.
 
 
 8
 On February 2, 1993, the district court granted Hollister's motion to dismiss for failure to state a claim upon which relief can be granted. Relying on Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982), the district court held that in order to state a valid cause of action against a private party under Sec. 1983, a plaintiff must challenge the constitutionality of the underlying state statute, not just the misuse of that statute by the private party. The district court found that Hickey's amended complaint could not be construed as challenging the state created procedure on collection, and accordingly held that the complaint failed to state a claim because Hollister was not acting under color of state law. This timely appeal followed.
 
 II.
 
 9
 Whether the district court correctly dismissed a case pursuant to Federal Rule of Civil Procedure 12(b)(6) is a question of law subject to de novo review. E.g., Mertik v. Blalock, 983 F.2d 1353, 1356 (6th Cir.1993). In determining if plaintiff's complaint fails to state a claim upon which relief can be granted, we must accept as true all factual allegations of the complaint, but we need not accept as true legal conclusions or unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). "Although this standard for Rule 12(b)(6) dismissals is quite liberal, more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988).
 
 
 10
 A cause of action is provided by 42 U.S.C. Sec. 1983 against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." "The purpose of Sec. 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 112 S.Ct. 1827, 1830 (1992). To state a claim under Sec. 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-56 (1978). Absent either element, a claim will not be stated. The present case concerns the second element; namely, whether Hickey's complaint satisfactorily pleads that Hollister, a private party, was acting under color of state law.
 
 
 11
 Hickey's original allegations stated that Hollister "falsely and maliciously and without any reasonable or probable cause" undertook various actions in the state courts that deprived Hickey of his Constitutional rights. These allegations fail to state a claim under Sec. 1983 because they do not show that Hollister was acting under color of state law.
 
 
 12
 In Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982), the Court considered whether a private party could be deemed to have acted under color of state law by invoking a state procedure providing for prejudgment attachment of a debtor's property. The Court determined that a private person, such as Hollister, who invokes state created procedures acts "under color of state law" within the meaning of Sec. 1983 only if his actions are "fairly attributable to the State." Id. at 937. This requirement is met if (1) the claimed constitutional deprivation has resulted from "the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible," and (2) "the party charged with the deprivation [is] a person who may fairly be said to be a state actor" because he has "acted together with or has obtained significant aid from state officials" or engaged in conduct "otherwise chargeable to the State." Id.; see also Wyatt v. Cole, 112 S.Ct. at 1830 (summarizing Lugar ).
 
 
 13
 To satisfy the first condition for finding that a private party's actions are "fairly attributable to the state," a plaintiff cannot merely challenge a private party's misuse of a state statute, but rather must challenge the constitutionality of the state statute that created a right, the exercise of which allegedly caused plaintiff's constitutional deprivation. See Lugar, 457 U.S. at 940-41. If the plaintiff alleges only that a private party misused an otherwise valid state statute or procedure and that this misuse caused the constitutional deprivation, the private party has not acted under color of state law because private action, rather than a state created right, has caused the alleged injury. "While private misuse of a state statute does not describe conduct that can be attributed to the State, the procedural scheme created by the statute obviously is the product of state action." Id. at 941. Thus, in Lugar the Court held that the plaintiff's allegation that the defendant private party "invoked the statute without the grounds to do so" did not state a cause of action under Sec. 1983, because the action "could in no way be attributed to a state rule or a state decision." Id. at 940. However, the Court held that a separate count of the complaint that challenged the state statute as procedurally defective under the Fourteenth Amendment did satisfy the first requirement of the "fairly attributable" test. Id. at 941.
 
 
 14
 In this case, Hickey is not challenging the validity of the various state statutes and procedural rules used by Hollister in pursuing and defending the underlying state litigation for Hancock Wood. Rather, Hickey is challenging Hollister's alleged misuse of these state statutes and procedures. For example, Hickey alleges that Hollister, "falsely and maliciously and without reasonable or probable cause whatsoever," filed the collection action in Bowling Green Municipal Court while knowing that court did not have jurisdiction and, as a result, caused an invalid default judgment to be entered, from which Hollister then availed his client of the debtor examination procedures of the municipal court. These allegations, as do the other similar allegations concerning Hollister's actions in defending the state court proceeding brought by Hickey, merely allege that Hollister abused the state statutes and procedures. At no time has Hickey alleged that these statutes or procedures violate the Constitution or federal law. Because Hickey does not challenge the validity of the state statutes or procedures allegedly misused by Hollister, his original allegations fail to show that Hollister was acting under color of state law.
 
 
 15
 Hickey's original and amended allegations also state that Hollister conspired with various judges in the underlying state litigation. Private persons who conspire with state officials to deprive a plaintiff of civil rights are acting under color of state law for purposes of Sec. 1983. Dennis v. Sparks, 449 U.S. 24, 27-29 (1980). However, "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." Id. at 28. Therefore, in order to state a conspiracy claim under Sec. 1983, a plaintiff must plead the conspiracy with some degree of specificity. "[V]ague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under Sec. 1983." Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir.1987).
 
 
 16
 Hickey's allegations that Hollister conspired with the various state court judges are conclusory and unsupported by any factual allegations or inferences. For example, Hickey's complaint alleges that Hollister, "under color of state law, and at [his] instigation, conspired with the judge of the Municipal Court" to rule that jurisdiction was proper, to issue a summons by mail, and to arrest Hickey. Hickey does not specify any facts upon which his allegations of conspiracies are based. Hickey does not identify when the conspiracies were formed or what the inducement was for the judge to have "conspired" with Hollister to take these allegedly improper actions in the underlying litigation involving a $2,526.36 debt on an electric account. In sum, Hickey's conclusory allegations of conspiracy are insufficient to state a claim under Sec. 1983's color of state law requirement.
 
 III.
 
 17
 For the reasons stated, the order granting defendants' motion to dismiss is AFFIRMED. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 [1]
 The appeal to the Wood County Court of Appeals was still pending at the time the briefs were filed in the present case
 
 
 [2]
 Although proceeding pro se, Hickey is a licensed attorney in good standing with the Supreme Court of Ohio
 
 
 [3]
 Hollister's law firm, Oxley, Malone, Fitzgerald & Hollister, is also a defendant. Hollister and the firm will be referred to collectively as Hollister